Caruthers, J.,
delivered the opinion of the Court.
This bill was filed early in July, 1857, to attach, and hold subject to complainant’s debt, the interest of Daniel IT. Hoyle, his debtor, in both the personal and real estate of his father, John Hoyle, who .had recently died intestate, in McMinn county. The administrator, and the other heirs and dis-tributees, were made defendants. It charges that the said Daniel H. is entitled to the one-tenth of his father’s estate ; that he resides in the State of Georgia, is insolvent, and justly OAYes him the amount stated and claimed in the bill.
The bill was-filed within six months from the appointment of the administrator, T. P. Wells, and a question is made by demurrer upon that, but without giving any opinion upon that question, one way or the other, we will pass to the consideration of the case as made by the answers and proof, after the overruling of the demurrer by the Chancellor. It is better for the parties to settle the controversy, finally, by deciding the case upon its merits.
It is admitted that the said Daniel H. is indebted to the, complainant; but the defence is that he owes the estate a *58 debt, or is bound to account for advancements equal to bis part of the estate, both real and personal, and that this has priority over the claim of his creditors.
The attachment was levied upon the interest of the said Daniel H., in a tract of land and sundry slaves.
The Chancellor finds the debt of complainant to be $666.66, and enters a judgment for that amount against Daniel H. ITe also finds,, and the proof shows, that, on the 12th of August, 1856, the intestate, then being endorser for his son, Daniel H., in the Branch Bank of Tennessee, at Athens, on a note previously discounted, which, with interest, then amounted to $818.32, took up said note, and gave his own note and endorsers for the same; and after several renewals and payments, in his lifetime, the same was paid off by his administrator in February, 1858, out of the assets of the estate.- It is stated in the answer that this was regarded by John Hoyle as an advancement to his son, and it is insisted that it shall be so considered. But on this point there is no proof; yet it is certain that he paid that amount to or for his said son,' and took from him no obligation of any kind for it. Nor does it appear that he ever claimed or demanded it from him as a debt. Then, whether it shall be considered an advancement or debt, is left to the legal presumption in such a case. We held at Nashville, last term, in the case of Vaden v. Vaden, 1 Head, 300, that where a father advances money to a son, or pays debts for him, the law presumes it is an advancement, unless it is shown by proof, or circumstances, that it was intended to be held as a debt against the son. Such we consider to be the law, and consequently must regard this as an advancement. There can be no doubt, if that be so, that it must be accounted for before Daniel H., or any one claiming through or under him, can claim any interest in the estate, either real or personal. Advancements must be brought into contribution, since the act of 1829, ch. 36, whether of fealty or personalty. The Chancellor gave priority to this as a debt due the estate, and we will not say that he was incorrect in that, but do not pass upon that question now, as the *59 ground on which we place it, is clear and unquestionable, and brings us to the same conclusion; that is, that the amount paid for Daniel H., must he accounted for before the complainant can reach any part of the estate. It is supposed that there will be nothing left for creditors; but if it be desired, the account may be taken as ordered by the Chancellor.
An attempt is made in the proof to impeach the complainant’s claims, upon the ground that the notes of which he is the assignee, and upon which this suit is brought, were given for a new invention, patented, which is worthless, and are therefore without consideration. But perhaps the proof is insufficient for that purpose, and he has .successfully established his claim against the said Daniel H.
The decree is therefore affirmed upon the ground, and for the reasons stated above; and if it is desired by the complainant, the case will be remanded for the account, and such further proceedings as may be necessaay, in the Court below.